# EXHIBIT 13

**UNITED STATES INTERNATIONAL TRADE COMMISSION
WASHINGTON, DC**

**Before the Honorable Cameron R. Elliot
Administrative Law Judge**

---

**In the Matter of**

**CERTAIN DIGITAL SET-TOP BOXES
AND SYSTEMS AND SERVICES
INCLUDING THE SAME**

**Investigation No. 337-TA-1315**

---

**RESPONDENTS CHARTER COMMUNICATIONS, INC., CHARTER
COMMUNICATIONS OPERATING, LLC, CHARTER COMMUNICATIONS
HOLDING COMPANY, LLC, AND SPECTRUM MANAGEMENT HOLDING
COMPANY, LLC'S RESPONSE TO THE AMENDED COMPLAINT UNDER
SECTION 337 OF THE TARIFF ACT OF 1930, AS AMENDED, AND TO THE
<u>NOTICE OF INVESTIGATION</u>**

Respondents Charter Communications, Inc., Charter Communications Operating, LLC,

Charter Communications Holding Company, LLC, and Spectrum Management Holding Company,

LLC (collectively "Charter"), pursuant to 19 C.F.R. § 210.13, respectfully submit this Response

to the Complaint Under Section 337 of the Tariff Act of 1930, including pre-institution

supplements to the Complaint dated April 27, 2022, May 3, 2022, May 10, 2022, and May 12,

2022 (the "Complaint") filed by Broadband iTV, Inc. ("BBiTV"), and the resulting Notice of

Investigation (the "Notice of Investigation").

<u>RESPONSE TO COMPLAINT</u>

Charter responds to the Complaint dated April 22, 2022, and entitled "Certain Digital Set-

Top Boxes and Systems and Services Including Same," and its pre-institution supplements, in like-

numbered paragraphs as follows.  Certain headings are reproduced from the Complaint for the

sake of convenience but are not an admission of the content of the Complaint or the specific allegations therein.

## I.       INTRODUCTION

1.       Charter admits that BBiTV requested that the International Trade Commission institute an investigation based upon allegations of violations of Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337 ("Section 337").

2.       Charter admits that BBiTV brought this action seeking relief under Section 337 to prevent the alleged unlawful and unauthorized importation into the United States, the sale for importation into the United States, and the sale within the United States after importation, of certain set-top boxes, streaming set-top boxes, and systems and services containing the same (the "Accused Products").  Charter also admits that BBiTV has asserted certain claims from U.S. Patent No. 9,866,909 ("the '909 patent"); U.S. Patent No. 10,555,014 ("the '014 patent"); U.S. Patent No. 9,936,240 ("the '240 patent"); and U.S. Patent No. 11,277,669 ("the '669 patent") (collectively, the "Asserted Patents").  Charter denies all other allegations of this paragraph, including that it infringes any claim of the Asserted Patents and further denies that it has unlawfully or without authorization imported into the United States, sold for importation, or sold within the United States after importation any Accused Products.

3.       Charter denies all allegations of this paragraph, including that it infringes any claim of the Asserted Patents either literally or under the doctrine of equivalents.

4.       Paragraph 4 does not contain factual allegations requiring a response.  To the extent a response is nonetheless deemed to be required, Charter denies the allegations of this paragraph.

5.        Charter denies it imports into the United States, sells for importation into the United States, and/or sells in the United States after importation one or more Accused Products that infringe one or more Asserted Patents, either literally or under the doctrine of equivalents.

Charter lacks knowledge or information sufficient to form a belief as to the truth or the remaining allegations in paragraph 5, and on that basis, denies them.

6.      Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6, and on that basis, denies them.

7.      Charter denies that is has committed unfair acts.  The remainder of paragraph 7 does not contain factual allegations requiring a response.  To the extent a response is nonetheless deemed to be required, Charter denies the allegations of this paragraph.

## II.      COMPLAINANT

8.      Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and on that basis, denies them.

9.      Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and on that basis, denies them.

10.      Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, and on that basis, denies them.

## III.      PROPOSED RESPONDENTS

### A.      Comcast

11.      Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and on that basis, denies them.

12.      Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, and on that basis, denies them.

13.      Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, and on that basis, denies them.

14.      Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and on that basis, denies them.

**B.     Charter**

15.     Charter admits that Charter Communications, Inc. is a Delaware corporation with headquarters at 400 Washington Blvd., Stamford, Connecticut 06902.  Charter admits the other Charter Respondents are indirect subsidiaries of Charter Communications, Inc.  Charter admits that Charter Communications, Inc., together with its controlled subsidiaries, is a holding company whose principal asset is a controlling equity interest in Charter Communications Holdings, LLC, an indirect owner of Charter Communications Operating, LLC under which substantially all of the operations reside.  Charter admits that its Spectrum TV service is provided using set-top boxes provided to its customers.  Charter denies the remaining allegations in paragraph 15.

16.     Charter admits that Charter Communications Operating, LLC is a Delaware limited liability company with its principal place of business at 12405 Powerscourt Dr., St. Louis, Missouri 63131 and incorporates its response to paragraph 15.  Charter denies the remaining allegations in paragraph 16.

17.     Charter admits that Charter Communications Holding Company, LLC is a Delaware limited liability company with its principal place of business at 12405 Powerscourt Dr., St. Louis, Missouri 63131.  Charter admits that Charter Communications Holding Company, LLC provides management services for certain cable systems owned or operated by Charter's subsidiaries.  Charter denies the remaining allegations in paragraph 17.

18.     Charter admits that Spectrum Management Holding Company, LLC is a Delaware limited liability company with its principal place of business at 12405 Powerscourt Drive, St. Louis, Missouri 63131.  Charter admits that Spectrum Management Holding Company, LLC provides management services for certain cable systems owned or operated by Charter subsidiaries.  Charter denies the remaining allegations in paragraph 18.

19.     Charter admits that Charter Communications, Inc., Spectrum Management Holding Company, LLC and Charter Communications Holding Company, LLC provide management services for the cable systems owned or operated by their subsidiaries.   Charter denies the remaining allegations of paragraph 19.

20.     Charter admits that Charter Communications, Inc. (together with its controlled subsidiaries) is a broadband connectivity company and cable operator that provides television and other services to subscribers under the Spectrum brand and provides such services on a variety of platforms, including through digital set-top boxes which may include access to an interactive programming guide, video on demand, or pay-per-view services.  Charter denies the remaining allegations of paragraph 20 as stated.

21.     Charter denies the allegations of paragraph 21.

### C.     Altice

22.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and on that basis, denies them.

23.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, and on that basis, denies them.

24.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, and on that basis, denies them.

25.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and on that basis, denies them.

26.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and on that basis, denies them.

## IV.     TECHNOLOGY AND PRODUCTS AT ISSUE

27.     Charter admits that the categories of products and/or activities BBiTV accused of infringing are "(i) imported set-top boxes, including streaming devices, for receiving television services and (ii) services and systems that incorporate the imported set-top boxes, and components of such systems, including servers, mobile streaming apps, content delivery networks, and ingestion tools." Charter lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27, and on that basis, denies them.

28.     Charter denies the allegations of paragraph 28, including BBiTV's descriptions of the purported invention, and that the Asserted Patents disclosed any improvements over the prior art.

29.     Charter denies that it infringes the Asserted Patents through the provision of television services and the sale for importation into the United States, importation into the United States, and/or sale within the United States after importation of Accused Products.  Charter lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29, and on that basis, denies them.

30.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, and on that basis, denies them.

31.     Charter admits it sells or leases set-top boxes 101H, 101T, 110A, 110H, 110T, 200H, 201H, 201T, 210A, 210H, 210T, DCX3200M/P3-Spectrum, DCX3220E-Spectrum, DCX3510-Spectrum, and DCX3520E-Spectrum set-top boxes.  The remainder of paragraph 31 does not contain factual allegations requiring a response.  To the extent a response is nonetheless deemed to be required, Charter denies the allegations of this paragraph.

32.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, and on that basis, denies them.

33.     Charter denies that it infringes the Asserted Patents.  The remainder of paragraph 33 does not contain factual allegations requiring a response.   To the extent a response is nonetheless deemed to be required, Charter denies the allegations of this paragraph.

### V.     ASSERTED PATENTS

#### A.     U.S. Patent No. 9,866,909

##### 1.     Identification of the '909 patent and ownership by Complainant

34.     Charter admits that the '909 patent is entitled "Video-On-Demand Content Delivery System for Providing Video-On-Demand Services to TV Service Subscribers" and, on its face, indicates that it issued on January 9, 2018 and that Milton Diaz Perez is listed as the inventor.   Charter also admits that, on its face, the '909 patent indicates that it issued from application No. 15/582,155 and further indicates that application No. 15/582,155 is a continuation of application No. 15/190,954, filed on June 23, 2016, now U.S. Patent No. 9,641,896, which is a continuation of application No. 14/978,881, filed on Dec. 22, 2015, now U.S. Patent No. 9,386,340, which is a continuation of application No. 14/703, 597, filed on May 4, 2015, now U.S. Patent No. 9, 232, 275, which is a continuation of application No. 12/852,663, filed on Aug. 9, 2010, now U.S. Patent No. 9,078,016, which is a division of application No. 11/952,552, filed on Dec. 7, 2007, now U.S. Patent No. 7,774,819, which is a division of application No. 10/909,192, filed on Jul. 30, 2004, now U.S. Patent No. 7,590,997.  Charter lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 and, on that basis, denies them.

35.     Charter admits that BBiTV attached what purports to be a certified copy of the '909 patent, a certified copy of the prosecution history of the '909 patent, and a copy of the assignment

records for the '909 patent.  Charter lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 and, on that basis, denies them.

### 2.      Nontechnical description of the '909 patent

36.      Charter denies the allegations in paragraph 36.

### 3.      Foreign counterparts of the '909 patent

37.      Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and, on that basis, denies them.

### B.      U.S. Patent No. 10,555,014

### 1.      Identification of the '014 patent and ownership by Complainant

38.      Charter admits that the '014 patent is entitled "System for Addressing On-Demand TV Program Content on TV Services Platform of a Digital TV Services Provider" and, on its face, indicates that it issued on February 4, 2020 and that Milton Diaz Perez is listed as the inventor. Charter also admits that, on its face, the '014 patent indicates that it issued from application No. 16/269,721 and further indicates that application No. 16/269,721 is a continuation application of application No. 16/023,875, filed on Jun. 29, 2018, now U.S. Patent No. 10,341,699, which is a continuation of application No. 15/251,865, filed on Aug. 30, 2016, now U.S. Patent No. 10,028,027, which is a continuation of application No. 14/827,113, filed on Aug. 14, 2015, now U.S. Patent No. 9,491,497, which is a continuation of application No. 12/632,745, filed on Dec. 7, 2009, now U.S. Patent No. 9,113,228, which is a division of application No. 11/685,188, filed on Mar. 12, 2007, now U.S. Patent No. 7,631,336, which is a continuation-in-part of application No. 10/909,192, filed on Jul. 30, 2004, now U.S. Patent No. 7,590,997.  Charter lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 and, on that basis, denies them.

39.     Charter admits that BBiTV purports to have attached a certified copy of the '014 patent, a certified copy of the prosecution history of the '014 patent, and a copy of the assignment records for the '014 patent.  Charter lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 and, on that basis, denies them.

### 2.     Nontechnical description of the '014 patent

40.     Charter denies the allegations in paragraph 40.

### 3.     Foreign counterparts of the '014 patent

41.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and, on that basis, denies them.

### C.     U.S. Patent No. 9,936,240

### 1.     Identification of the '240 patent and ownership by Complainant

42.     Charter admits that the '240 patent is entitled "Dynamic Adjustment of Electronic Program Guide Displays Based on Viewer Preferences for Minimizing Navigation in VOD Program Selection" and, on its face, indicates that it issued on  April 8, 2018 and that Milton Diaz Perez is listed as the inventor.  Charter also admits that, on its face, the '240 patent indicates that it issued application No. 15/582,099 and further indicates that  application No. 15/582,099 is a continuation application of application No. 15/002,011, filed on Jan. 20,2016, now Pat. No. 9,641,902, which is a continuation of application No. 12/869,534, filed on Aug. 26, 2010, now Pat. No. 9,344,765, which is a division of application No. 11/768,895, filed on Jun. 26, 2007, now Pat. No. 9,584,868.  Charter lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 42 and, on that basis, denies them.

43.     Charter admits that BBiTV purports to have attached a certified copy of the '240 patent, a copy of the prosecution history of the '240 patent, and a copy of the assignment records

for the '240 patent.  Charter lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 43 and, on that basis, denies them.

### 2.    Nontechnical description of the '240 patent

44.    Charter denies the allegations in paragraph 44.

### 3.    Foreign counterparts of the '240 patent

45.    Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and, on that basis, denies them.

### D.    U.S. Patent No. 11,277,669

### 1.    Identification of the '669 patent and ownership by Complainant

46.    Charter admits that the '669 patent is entitled "Dynamic Adjustment of Electronic Program Guide Displays Based on Viewer Preferences for Minimizing Navigation in VOD Program Selection" and, on its face, indicates that it issued on  March 22, 2022 and that Milton Diaz Perez is listed as the inventor.  Charter also admits that, on its face, the '669 patent indicates that it issued from application No. 16/785,224 and further indicates that application No. 16/785,224 is a continuation application that claims the benefit of application No. 16/199,894, filed on Nov. 26, 2018, now Pat. No. 10,567,846, which is a continuation of application No. 15/894,262, filed on Feb. 12, 2018, now Pat. No. 10,149,015, which is a continuation of application No. 15/589,225, filed on May 8, 2017, now Pat. No. 9,894,419, which is a continuation of application No. 15/002,040, filed on Jan. 20, 2016, now Pat. No. 9,648,390, which is a continuation of application No. 13/831,042, filed on Mar. 14, 2013, now Pat. No. 9,247,308, which is a continuation of application No. 12/869,534, filed on Aug. 26, 2010, now Pat. No. 9,344,765, which is a division of application No. 11/768,895, filed on Jun. 26, 2007, now Pat. No. 9,584,868.  Charter

lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 and, on that basis, denies them.

47.    Charter admits that BBiTV purports to have attached a certified copy of the '669 patent, a certified copy of the prosecution history of the '669 patent, and a copy of the assignment records for the '669 patent. Charter lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 47 and, on that basis, denies them.

### 2.    Nontechnical description of the '669 patent

48.    Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 and, on that basis, denies them.

### 3.    Foreign counterparts of the '669 patent

49.    Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 and, on that basis, denies them.

### VI.    LICENSES UNDER THE ASSERTED PATENTS

50.    Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 and, on that basis, denies them.

### VII.    SPECIFIC INSTANCES OF UNLAWFUL IMPORTATION AND SALE

51.    Charter denies the allegations of paragraph 51 as they concern Charter. Charter lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 51 and, on that basis, denies them.

52.    Paragraph 52 does not contain factual allegations requiring a response. To the extent a response is nonetheless deemed to be required, Charter denies the allegations of paragraph 52. Charter further incorporates by reference its responses with respect to paragraphs 62 through 68.

### A.      Comcast's Importation

53.      Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 and, on that basis, denies them.

54.      Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 and, on that basis, denies them.

55.      Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 and, on that basis, denies them.

56.      Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 and, on that basis, denies them.

57.      Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 and, on that basis, denies them.

58.      Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 and, on that basis, denies them.

59.      Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 and, on that basis, denies them.

60.      Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 and, on that basis, denies them.

61.      Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 and, on that basis, denies them.

### B.      Charter's Importation

62.      Charter admits that the Charter Accused Products are manufactured abroad and imported into the United States by original equipment manufacturers (OEMs) and that at least some of the Charter Accused Products are designed in part according to Charter specifications. Charter also admits that the Charter Accused Products are provided to its Spectrum TV service

customers.  Charter denies that it imports Charter Accused Products into the United States and denies all of the remaining allegations of paragraph 62.

63.     Charter admits that the Charter Accused Products include certain set-top boxes that are leased by Charter customers in the United States.  Charter denies the remaining allegations of paragraph 63.

64.     Charter admits that it charges subscribers for lost, damaged, and/or returned set-top boxes, including the Charter accused products.  Charter denies the remaining allegations of paragraph 64.

65.     Charter admits that Charter's television subscribers take possession of the Charter Accused Products when Charter leases its Accused Products to certain Spectrum TV subscribers, Charter denies the remaining allegations of paragraph 65.

66.      Charter admits that it sells and provides Spectrum TV services in the United States and, in certain situations, provides set-top boxes in conjunction with this service.  The remainder of the paragraph contains legal conclusions that do not require a response.  To the extent any further factual response is required, Charter denies the remaining allegations of paragraph 66.

67.     Charter admits that Exhibit 17 purports to be a list of Charter's Spectrum Equipment.  Charter admits its set-top boxes include the 101T model.    Charter denies the remaining allegations of paragraph 67.

68.     Charter admits that Exhibit 26 is an image of a label that says "Made in China," but Charter does not have sufficient knowledge of whether the label shown in Exhibit 26 is relevant to any Charter Accused Product in the United States and, on that basis, denies that it is.  Charter denies the remaining allegations in paragraph 68.

### C.      Altice's Importation

69.      Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 and, on that basis, denies them.

70.      Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 and, on that basis, denies them.

71.      Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 and, on that basis, denies them.

72.      Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 and, on that basis, denies them.

73.      Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 and, on that basis, denies them.

74.      Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 and, on that basis, denies them.

75.      Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 and, on that basis, denies them.

### VIII.   UNLAWFUL AND UNFAIR ACTS OF THE PROPOSED RESPONDENTS

76.      Charter denies that it infringes the Asserted Patents.  The remainder of paragraph 76 does not contain factual allegations requiring a response.  To the extent a response is nonetheless deemed to be required, Charter denies the allegations of paragraph 76.

77.      Charter denies that it infringes the Asserted Patents.  Charter denies that it "sell[s] cable TV services that include provision of a set-top box, but subscribers generally cannot select a specific set-top-box model from among all the set-top boxes that are currently deployed." Charter provides various cable TV services along with a set-top box to its customers and charges them fees.  With respect to the other respondents, Charter lacks knowledge or information

sufficient to form a belief as to the truth of the allegation that "respondents sell cable TV services that include provision of a set-top box, but subscribers generally cannot select a specific set-top-box model from among all the set-top boxes that are currently deployed."   The remainder of paragraph 77 does not contain factual allegations requiring a response.   To the extent a response is nonetheless deemed to be required, Charter denies the remaining allegations of paragraph 77.

### A.    Comcast's Patent Infringement

78.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 and, on that basis, denies them.

### 1.    Comcast's Infringement of the '909 patent

79.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 and, on that basis, denies them.

80.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 and, on that basis, denies them.

81.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 and, on that basis, denies them.

82.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 and, on that basis, denies them.

### 2.    Comcast's Infringement of the '014 patent

83.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 and, on that basis, denies them.

84.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 and, on that basis, denies them.

85.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 and, on that basis, denies them.

86.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 and, on that basis, denies them.

### 3.      Comcast's Infringement of the '240 patent

87.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 and, on that basis, denies them.

88.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 and, on that basis, denies them.

89.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 and, on that basis, denies them.

90.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 and, on that basis, denies them.

91.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 and, on that basis, denies them.

### 4.      Comcast's Infringement of the '669 patent

92.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 and, on that basis, denies them.

93.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 and, on that basis, denies them.

94.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 and, on that basis, denies them.

95.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95 and, on that basis, denies them.

96.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 and, on that basis, denies them.

### B.      Charter's Patent Infringement

97.      Charter denies the allegations of paragraph 97.

#### 1.      Charter's Infringement of the '909 patent

98.      Charter denies the allegations of paragraph 98.

99.      Charter admits that Ex. 40 states, on its face, "Tune your receiver to Channel 1 using your Spectrum remote (or hit the On Demand button). You'll be redirected to your On Demand menu to browse Movies, Primetime, Premiums and more.  On Demand programming is accessible on all of your TVs connected to Spectrum TV service with Spectrum-issued digital equipment."  Charter further admits that Ex 41 states, on its face, "lets Spectrum TV subscribers watch popular shows and movies at any time."   Charter denies the remaining allegations of paragraph 99.

100.      Charter admits that Ex. 39.1 is a letter dated December 10, 2021 addressed to Thomas Rutledge, President of Charter Communications, Inc.  Charter admits that Ex. 39.2 is a letter dated April 8, 2022 addressed to Kirill Abramov of Charter Communications, Inc.  Charter denies the remaining allegations of paragraph 100.

101.      Charter denies the allegations of paragraph 101.

#### 2.      Charter's Infringement of the '014 patent

102.      Charter denies the allegations of paragraph 102.

103.      Charter admits that Ex. 40 states, on its face, "Tune your receiver to Channel 1 using your Spectrum remote (or hit the On Demand button).  You'll be redirected to your On Demand menu to browse Movies, Primetime, Premiums and more.  On Demand programming is accessible on all of your TVs connected to Spectrum TV service with Spectrum-issued digital equipment."  Charter further admits that Ex. 41 states, on its face, "lets Spectrum TV subscribers

watch popular shows and movies at any time."  Charter denies the remaining allegations of paragraph 103.

104.    Charter admits that Ex. 39.1 is a letter dated December 21, 2021 addressed to Thomas Rutledge, President of Charter Communications, Inc.  Charter admits that Ex. 39.2 is a letter dated April 8, 2022 addressed to Kirill Abramov of Charter Communications, Inc.  Charter denies the remaining allegations of paragraph 104.

105.    Charter denies the allegations of paragraph 105.

### 3.      Charter's Infringement of the '240 patent

106.    Charter denies the allegations of paragraph 106.

107.    Charter admits that Ex. 42 states, on its face, that "The Spectrum TV app gives you more choices for watching your favorite programming at no extra charge.  Watch live TV and On Demand programming, browse 14 days of guide listings, schedule recordings, get programming recommendations and more."  Charter denies the remaining allegations of paragraph 107.

108.    Charter denies the allegations of paragraph 108.

109.    Charter denies the allegations of paragraph 109.

### 4.      Charter's Infringement of the '669 patent

110.    Charter denies the allegations of paragraph 110.

111.    Charter admits that Ex. 42, on its face, states "The Spectrum TV app gives you more choices for watching your favorite programming at no extra charge.  Watch live TV and On Demand programming, browse 14 days of guide listings, schedule recordings, get programming recommendations and more."  Charter denies the remaining allegations of paragraph 111.

112.    Charter denies the allegations of paragraph 112.

113.    Charter denies the allegations of paragraph 113.

### C.      Altice's Patent Infringement

114.    Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 and, on that basis, denies them.

#### 1.      Altice's Infringement of the '909 patent

115.    Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115 and, on that basis, denies them.

116.    Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116 and, on that basis, denies them.

117.    Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 and, on that basis, denies them.

118.    Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118 and, on that basis, denies them.

#### 2.      Altice's Infringement of the '014 patent

119.    Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119 and, on that basis, denies them.

120.    Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120 and, on that basis, denies them.

121.    Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121 and, on that basis, denies them.

122.    Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 and, on that basis, denies them.

#### 3.      Altice's Infringement of the '240 patent

123.    Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123 and, on that basis, denies them.

124.    Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124 and, on that basis, denies them.

125.    Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125 and, on that basis, denies them.

126.    Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126 and, on that basis, denies them.

### 4.    Altice's Infringement of the '669 patent

127.    Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127 and, on that basis, denies them.

128.    Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128 and, on that basis, denies them.

129.    Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129 and, on that basis, denies them.

130.    Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130 and, on that basis, denies them.

### IX.    CLASSIFICATION UNDER THE HARMONIZED TARIFF SCHEDULE

131.    Charter denies the allegations of paragraph 131.

132.    Paragraph 132 does not contain factual allegations requiring a response.  To the extent a response is nonetheless deemed to be required, Charter denies the allegations of paragraph 132.

### X.    DOMESTIC INDUSTRY

133.    Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133 and, on that basis, denies them.

A.       **Technical Prong**

134.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134 and, on that basis, denies them.

135.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135 and, on that basis, denies them.

136.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136 and, on that basis, denies them.

137.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137 and, on that basis, denies them.

138.     Charter admits that BBiTV attached to its complaint a claim chart that purports to apply an exemplary claim of the '909 patent to a purported Domestic Industry Product.  Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138 and, on that basis, denies them.

139.     Charter admits that BBiTV attached to its complaint a claim chart that purports to apply claim 1 of the '909 patent to a purported Domestic Industry Product.  Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139 and, on that basis, denies them.

140.     Charter admits that BBiTV attached to its complaint a claim chart that purports to apply claim 1 of the '014 patent to a purported Domestic Industry Product.  Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140 and, on that basis, denies them.

141.     Charter admits that BBiTV attached to its complaint a claim chart that purports to apply claim 1 of the '240 patent to a purported Domestic Industry Product.   Charter lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141 and, on that basis, denies them.

142.    Charter admits that BBiTV attached to its complaint a claim chart that purports to apply claim 1 of the '669 patent to a purported Domestic Industry Product.  Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142 and, on that basis, denies them.

143.    Charter admits that BBiTV identified purported Domestic Industry Products that are purported to correspond to claims of the Asserted Patent.  Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 143 and, on that basis, denies them.

### B.    Economic Prong

144.    Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144 and, on that basis, denies them.

145.    Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145 and, on that basis, denies them.

146.    Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146 and, on that basis, denies them.

### 1.    Domestic Activities Conducted with Respect to the Domestic Industry Products and to Exploit the Asserted Patents

147.    Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147 and, on that basis, denies them.

148.    Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148 and, on that basis, denies them.

149.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149 and, on that basis, denies them.

150.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150 and, on that basis, denies them.

151.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 151 and, on that basis, denies them.

152.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152 and, on that basis, denies them.

153.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153 and, on that basis, denies them.

154.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154 and, on that basis, denies them.

155.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155 and, on that basis, denies them.

156.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 156 and, on that basis, denies them.

> **2.      Domestic Investments Made with Respect to the Domestic Industry Products and to Exploit the Asserted Patents**
>
> **a.      Significant Investments in Plant and Equipment**

157.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157 and, on that basis, denies them.

158.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 158 and, on that basis, denies them.

159.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 159 and, on that basis, denies them.

160.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 160 and, on that basis, denies them.

161.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161 and, on that basis, denies them.

162.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 162 and, on that basis, denies them.

163.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 163 and, on that basis, denies them.

164.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 164 and, on that basis, denies them.

165.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 165 and, on that basis, denies them.

166.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 166 and, on that basis, denies them.

167.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 167 and, on that basis, denies them.

168.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 168 and, on that basis, denies them.

### b.      Employment of Labor and Capital

169.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 169 and, on that basis, denies them.

170.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 170 and, on that basis, denies them.

171.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 171 and, on that basis, denies them.

172.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172 and, on that basis, denies them.

173.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 173 and, on that basis, denies them.

174.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 174 and, on that basis, denies them.

175.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 175 and, on that basis, denies them.

   **c.**  **Investment in Research, Development, and Engineering to Exploit the Asserted Patents**

176.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 176 and, on that basis, denies them.

177.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 177 and, on that basis, denies them.

178.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 178 and, on that basis, denies them.

179.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 179 and, on that basis, denies them.

## XI.     RELATED LITIGATION

180.     Paragraph 180 does not contain factual allegations requiring a response.  To the extent a response is nonetheless deemed to be required, Charter denies the allegations of paragraph 180.

181.     Charter admits the allegations in sub-paragraph b of paragraph 181 with respect to Time Warner Cable, Inc. and Oceanic Time Warner Cable, LLC.  Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 181 and, on that basis, denies them.

## XII.     RELIEF REQUESTED

182.     Paragraph 182 does not contain factual allegations requiring a response.  To the extent a response is nonetheless deemed to be required, Charter denies the allegations of paragraph 182.

183.     Charter admits that paragraph 183 purports to describe the relief that BBiTV is seeking from the Commission.  Charter denies that BBiTV is entitled to any relief whatsoever against Charter in this Investigation, either as prayed for in its Complaint or otherwise.  Charter further denies that there is any violation of § 337 or that it has infringed any valid and enforceable claim of the Asserted Patents or otherwise engaged in allegedly unlawful activity as described in the Complaint.

### ADDITIONAL INFORMATION REQUIRED UNDER COMMISSION RULE 210.13(b)

In accordance with the requirements of 19 C.F.R. § 210.13(b), Charter states as follows: Charter's statement pursuant to Rule 210.13(b) is attached hereto as Confidential Exhibit A.  By providing the information therein, Charter intends only to supply the data required by 19 C.F.R. § 210.13(b).  Charter specifically denies that any of the information or data supplied relates to or

supports any allegation of infringement against Charter or any unlawful act by Charter under 19 U.S.C. § 1337, or otherwise.

## XIII.   AFFIRMATIVE DEFENSES

Charter alleges and asserts the following defenses in response to the allegations in the Complaint.  Charter asserts the following defenses without regard to which party has the initial or ultimate burden of proof.  Charter notes that discovery in this Investigation is in its nascent stages, and Charter has not yet had sufficient time to collect and review all the information that may be relevant to its potential defenses.  Accordingly, Charter reserves the right to modify its defenses and/or raise additional defenses as discovery proceeds.

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

Complainants have failed to allege sufficient facts in the Complaint to state a claim against Respondents.

### SECOND AFFIRMATIVE DEFENSE
(Non-infringement)

Charter has not infringed and does not infringe, either directly or indirectly, literally or under the doctrine of equivalents, and has not induced the infringement of any valid and enforceable claim of the Asserted Patents. Charter has not otherwise committed any acts in violation of 35 U.S.C. § 271 or 19 U.S.C. § 1337.

### THIRD AFFIRMATIVE DEFENSE
(Invalidity)

Each of the claims of the Asserted Patents are invalid under 35 U.S.C. §§ 101, 102, 103, 112, and/or 256, or any judicially created doctrine of invalidity, including but not limited to obviousness-type double patenting, and for failure to comply with one or more of the requirements set forth in Section 37 of the Code of Federal Regulations.

## FOURTH AFFIRMATIVE DEFENSE
### (Estoppel, Disclaimer, and Laches)

BBiTV's claims are barred in whole or in part by the doctrines of estoppel, prosecution laches, prosecution history estoppel, and/or prosecution disclaimer due to proceedings before, or admissions, amendments, arguments, concessions, and/or other representations made to the United States Patent and Trademark Office during the prosecution of the applications leading to the issuance of, or related to, the asserted patents.

## FIFTH AFFIRMATIVE DEFENSE
### (Lack of Importation)

Charter does not violate Section 337 because it does not import into the United States, sell for importation, or sell in the United States after importation the Charter Accused Products.

With respect to the method claims in the Asserted Patents, BBiTV does not allege that the act of importation is an act that practices the steps of the asserted method claims. Thus, the importation of the accused set-top boxes and gateways does not directly infringe any of the patented methods.

BBiTV's allegations concerning the method claims in the Asserted Patents are directed at domestic use and operations by or for Charter. These acts by Charter are not a sufficient basis for a violation of 19 U.S.C. § 1337(a)(l)(B)(i), which requires the "importation" or "sale" of "articles that infringe" a U.S. patent.

## SIXTH AFFIRMATIVE DEFENSE
### (Lack of Importation of Article that Infringes Any Patent)

Charter does not sell for importation into the United State, import, or sell with the United State after importation any article that infringes the asserted patents.

## SEVENTH AFFIRMATIVE DEFENSE
### (Remedy not in Public Interest)

BBiTV's requested relief is not in the public interest at least because it would negatively impact competitive conditions in the United States economy, the production of like or directly competitive articles in the United States, and United States consumers, and because there are strong policy reasons for denying BBiTV's requested relief.

## EIGHTH AFFIRMATIVE DEFENSE
### (Lack of Domestic Industry)

BBiTV has not adequately alleged or established the existence of a domestic industry for any of the Asserted Patents, as required by Section 337(a)(2) and defined by Section 337(a)(3). On information and belief, BBiTV will not be able to prove that a domestic industry relating to articles protected by any of the Asserted Patents exists or is in the process of being established. Specifically, on information and belief, BBiTV will not be able to satisfy either the economic prong or the technical prong of the domestic industry requirement in this Investigation.

## NINTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

BBiTV's claims are barred by the doctrine of unclean hands.  On information and belief, BBiTV has breached its confidentiality obligations by using confidential information of its licensees in violation of court orders and/or private agreements to support its claims in this investigation.  This unconscionable act has immediate and necessary relation to the equity of BBiTV's claims, because but for BBiTV's misconduct, the Commission may not have instituted an investigation and, further, cannot find a violation of section 337 if BBiTV fails to prove that a domestic industry exists through the investments of its licensees.  BBiTV's misconduct is material for the same reasons.

### TENTH AFFIRMATIVE DEFENSE
(Other Defenses)

Charter provides notice that it intends to rely upon any additional defenses that become available or apparent during discovery and reserves the right to amend this response and to assert such additional defenses or, if appropriate, withdraw any of the above-delineated defenses as discovery proceeds.

### REQUEST FOR RELIEF

Respondents respectfully requests that the Commission issue an order:

1.      denying all relief requested in the Complaint;

2.      determining that Charter has not violated Section 337 of the Tariff Act of 1930, as amended;

3.      determining that Charter has not infringed any claim of the Asserted Patents;

4.      determining that the claims of the Asserted Patents are invalid;

5.      determining that no domestic industry exists for the Asserted Patents;

6.      determining that Complainants' claims are barred by Charter's affirmative defenses;

7.      dismissing the Complaint and terminating the present investigation with prejudice; and

8.      awarding such other and further relief to Charter as the Commission deems just and proper.

### RESPONSE TO THE NOTICE OF INVESTIGATION

Charter acknowledges that the Commission has instituted an investigation as set forth in the Commissions Notice of Investigation, dated May 24, 2022, and published in the Federal

Register on May 31, 2022, and that Charter is named as respondent therein.  *See* 87 Fed. Reg. 32459 (May 31, 2022).  Charter otherwise denies the existence of the predicates and requirements for liability under such an Investigation and/or under Section 337 and therefore denies the allegations therein.

Dated:  June 21, 2022                         Respectfully submitted,

*/s/ Philip W. Marsh*
David S. Benyacar
Daniel L. Reisner
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Telephone: (212) 836-8000
Facsimile:  (212) 836-8689

Dina M. Hayes
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Ave., Suite 4200
Chicago, IL 60602-4231
Telephone: (312) 583-2300
Facsimile: (312) 583-2360

Philip W. Marsh
Michael D.K. Nguyen
Joseph B. Palmieri
ARNOLD & PORTER KAYE SCHOLER LLP
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, CA 94306-3807
Telephone: (650) 319-4500
Facsimile:  (650) 319-4700

*Counsel for Respondents*
*Charter Communications, Inc.,*
*Charter Communications Operating, LLC,*
*Charter Communications Holding Company, LLC,*
*and Spectrum Management Holding Company, LLC*

## VERIFICATION

I, Daniel Boglioli, state that I am the Vice President and the Associate General Counsel for Charter Communications, and I am authorized to sign this verification on behalf of Respondents Charter Communications, Inc., Charter Communications Operating, LLC, Charter Communications Holding Company, LLC, and Spectrum Management Holding Company, LLC (collectively, "Charter").  I have reviewed Charter's Response to the Amended Complaint and Notice of Investigation and declare that, based upon a reasonable inquiry, the facts set forth in the Response, as they relate to Charter, are true and correct to the best of my knowledge, information and belief.  The allegations and contentions in the Response have evidentiary support, or they are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, to the best of my knowledge, information, or belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


     June 21, 2022                                    Daniel Boglioli

                                                      Vice President, Associate General
                                                      Counsel for Charter
                                                      Communications

**CERTAIN DIGITAL SET-TOP BOXES AND SYSTEMS**        **Inv. No. 337-TA-1315**
**AND SERVICES INCLUDING THE SAME**

## CERTIFICATE OF SERVICE

      I, Donna Baker, hereby certify that on June 21, 2022, a copy of the foregoing
**RESPONSE TO THE COMPLAINT AND NOTICE OF INVESTIGATION** was served
upon the following parties as indicated:

| | |
|---|---|
| The Honorable Lisa Barton<br>Secretary to the Commission<br>**U.S. International Trade Commission**<br>500 E Street, SW, Room 112<br>Washington, DC 20436 | ☐ Via U.S. Mail<br>☐ Via Hand Delivery<br>☐ Via Overnight Courier<br>☐ Via Electronic Mail<br>☒ Via Electronic Filing |
| *Administrative Law Judge* ||
| The Honorable Cameron Elliot<br>**U.S. International Trade Commission**<br>500 E Street, SW<br>Washington, DC 20436<br><br>Michael Turner<br>ALJ Attorney Advisor<br>**U.S. International Trade Commission**<br>500 E Street, SW<br>Washington, DC 20436<br>michael.turner@usitc.gov | ☐ Via U.S. Mail<br>☐ Via Hand Delivery<br>☐ Via Overnight Courier<br>☒ Via Electronic Mail |
| *Complainant Broadband iTV, Inc.* ||
| Paul M. Bartkowski<br>Thomas R. Burns<br>Emi Ito Ortiz<br>BARTKOWSKI PLLC<br>6803 Whittier Ave., Suite 200A<br>McLean, VA 22101<br>Telephone: (571) 533-3581<br>bbitv-337@bartkowskipllc.com<br><br>Robert F. Kramer<br>M. Elizabeth Day<br>David Alberti<br>Sal Lim<br>Russell S. Tonkovich<br>Marc Belloli<br>Robert C. Mattson<br>James P. Barabas<br>Jeremiah A. Armstrong | ☐ Via First Class Mail<br>☐ Via Hand Delivery<br>☐ Via Federal Express International<br>☒ Via Electronic Mail<br>bbitv-337@bartkowskipllc.com<br>kramerday-bbitv-itc@kramerday.com |

| | |
|---|---|
| Aidan Brewster<br>Benjamin Brownlow<br>Ryan K. Dooley<br>Andrew G. Hamill<br>Zack Higgins<br>Hong S. Lin<br>Sven Raz<br>Robert Xie<br>KRAMER DAY ALBERTI LIM TONKOVICH &<br>BELLOLI LLP<br>577 Airport Blvd, Suite 250<br>Burlingame, CA. 94010<br>Tel: (650) 825.4300<br>kramerday-bbitv-itc@kramerday.com | |
| ***Respondents Comcast Corp., Comcast Cable Communications, LLC,***<br>***and NBCUniversal Media, LLC*** ||
| Ashok Ramani<br>David J. Lisson<br>Micah G. Block<br>Philip T. Sheng<br>DAVIS POLK & WARDWELL LLP<br>1600 El Camino Real<br>Menlo Park, CA 94025<br>Telephone: (650) 752-2000<br>Facsimile: (650) 752-2111<br>dpw.comcast.bbitv@davispolk.com<br><br>Bert C. Reiser<br>Michael A. David<br>LATHAM & WATKINS LLP<br>555 11th St. NW, Suite 1000<br>Washington, D.C. 20004-1304<br>Telephone: (202) 637-2200<br>Facsimile: (202) 637-2201<br>comcastbbitvitc@lw.com | ☐  Via First Class Mail<br>☐  Via Hand Delivery<br>☐  Via Overnight Mail<br>☒  Via Electronic Mail<br>dpw.comcast.bbitv@davispolk.com<br>comcastbbitvitc.lwteam@lw.com |
| ***Respondent Altice USA, Inc., CSC Holdings, LLC, Cablevision Systems Corp.*** ||
| Jordan L. Coyle, Esq.<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>Columbia Center<br>1152 15th Street, NW<br>Washington, DC 20005<br>Telephone: (202) 339-8400<br>Facsimile: (202) 339-8500<br>Email: Altice-1315-Service@orrick.com | ☐  Via First Class Mail<br>☐  Via Hand Delivery<br>☐  Via Overnight Mail<br>☒  Via Electronic Mail<br>• Altice-1315-Service@orrick.com |

| Clement Seth Roberts, Esq.<br>Will Melehani, Esq.<br>Sarah Mullins, Esq.<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105-2669<br>Telephone: (415) 773-5700<br>Facsimile: (415) 773-5759<br>Email: Altice-1315-Service@orrick.com<br><br>Alyssa Caridis, Esq.<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>777 South Figueroa Street, Suite 3200<br>Los Angeles, CA 90017-5855<br>Telephone: (213) 629-2020<br>Facsimile: (213) 612-2499<br>Email: Altice-1315-Service@orrick.com<br><br>Bas de Blank, Esq.<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>1000 Marsh Road<br>Menlo Park, CA 94025-1015<br>Telephone: (650) 614-7400<br>Facsimile: (650) 614-7401<br>Email: Altice-1315-Service@orrick.com | |

*/s/ Donna Baker*
Donna Baker