**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | |
| Plaintiff, | Case No. 2:23-cv-00050-JRG |
| | Case No. 2:23-cv-00051-JRG |
| v. | **JURY TRIAL DEMANDED** |
| CHARTER COMMUNICATIONS, INC., | |
| Defendant. | |

**ENTROPIC'S SUR-REPLY IN OPPOSITION TO CHARTER'S**
**MOTION TO DECONSOLIDATE AND CONSOLIDATE**

Charter, unhappy with this Court's management of its own docket, seeks to upend those decisions by moving to consolidate and deconsolidate cases in the guise of judicial efficiency.[1] Charter's request to consolidate the MoCA-1[2,3] and MoCA-2[4] cases would create an unwieldy and unmanageable litigation. Charter's companion request to de-consolidate the MoCA-2 and Cable[5] cases would only remove any judicial efficiencies gained by consolidation. *See* MoCA-2, Dkt. No. 33. Contrary to Charter's assertions, there are relevant differences between the patents directed to MoCA 1.0 standard (the MoCA-1 litigation) and the patents directed to the MoCA 1.1 and 2.0

---

[1] Charter's baseless suggestion that Entropic has questioned this Court's ability to handle a twelve-patent case is beyond the pale. To the contrary, Entropic's litigation strategy recognizes the needless burden that could be placed on a client, counsel, and this Court in attempting to present a twelve-patent case to a jury given that better approaches exist, as reflected in this Court's typical case narrowing and trial presentation requirements.

[2] "MoCA" is a technology that allows multimedia and data to be transported over existing coaxial cable infrastructure.

[3] The "MoCA-1" litigation is *Entropic Communications, LLC v. Charter Communications, Inc.*, No. 2:23-cv-00050-JRG.

[4] The "MoCA-2" litigation is *Entropic Communications, LLC v. Charter Communications, Inc.*, No. 2:23-cv-00051-JRG.

[5] The "Cable" litigation is *Entropic Communications, LLC v. Charter Communications, Inc.*, 2:23-cv-00052-JRG.

standards (the MoCA-2 litigation). These differences undermine Charter's assertion that there will be common issues of fact in both cases.

Entropic's decision to assert patents directed to the MoCA 1.0 standard in a separate case from patents directed to the MoCA 1.1 and 2.0 standards was based on sound reasoning. The patents asserted in the MoCA-1 case are directed to elements and functionalities present in the MoCA 1.0 standard. Although it is true that MoCA 1.1 and 2.0 are backwards compatible with MoCA 1.0, that is irrelevant here. The patents asserted in the MoCA-2 case are directed to elements and functionalities that are ***not*** present in the MoCA 1.0 standard.  For example, packet aggregation was a functionality implemented for the first time in the MoCA 1.1 standard. The claims of Patent No. 8,228,910 (directed to packet aggregation) would not necessarily read on the functionalities of the MoCA 1.0 standard. *See* MoCA 1.1, Section 1 (Introduction and Scope), pp. 14-15. As another example, the use of ODFMA (Orthogonal Frequency-Division Multiple Access) was introduced for the first time in MoCA 2.0 standard. Accordingly, the claims of Patent No. 8,320,566 (directed to OFDMA modulation) would not necessarily read on the functionalities of the MoCA 1.0 or 1.1 standards. *See* MoCA 2.0, Section 5 (Overview and Theory of Operation), p. 40. These are just two examples of the differences in questions of fact that exist between the cases.

The MoCA-1 case and the consolidated MoCA-2/Cable case have been proceeding on different schedules based on the Court's orders to date. *Compare* MoCA-1 Dkt. No. 41 with July 20, 2023 Sample Docket Order in 2:23-cv-00051-JRG lead case (MoCA-2 and Cable case). The Court has already consolidated the MoCA-2 and Cable cases and has assigned a trial date.[6] To now pivot and rearrange the cases is unnecessary and wastes the parties' and this Court's time and

---

[6] Charter's assertion that Entropic benefits from the fact that the MoCA-2 and Cable cases have been placed on a faster schedule than the MoCA-1 case is of no moment. The end result is the same - a 12 patent unwieldy and unmanageable litigation.

resources. For the foregoing reasons, Entropic respectfully requests that Charter's motion be denied.

Dated: July 26, 2023

Respectfully submitted,

/s/ *James A. Shimota*

James Shimota (*pro hac vice*)
George C. Summerfield
Melissa M. Haulcomb (*pro hac vice*)
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Tel.: (312) 372-1121
Fax: (312) 827-8000
jim.shimota@klgates.com
george.summerfield@klgates.com
melissa.haulcomb@kglates.com

Darlene F. Ghavimi
Texas Bar No. 24072114
**K&L GATES LLP**
2801 Via Fortuna, Suite #650
Austin, TX 78746
Telephone: (512) 482-6919
Facsimile: (512) 482-6800
darlene.ghavimi@klgates.com

Peter E. Soskin (*pro hac vice*)
**K&L GATES LLP**
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8200
Facsimile: (415) 882-8220
peter.soskin@klgates.com

Wesley Hill
Texas Bar No. 24032294
Andrea Fair
Texas Bar No. 24078488
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Pkwy
Longview, TX 75604
Tel: (903) 757-6400
wh@wsfirm.com
andrea@wsfirm.com

-3-

**ATTORNEYS FOR PLAINTIFF
ENTROPIC COMMUNICATIONS, LLC**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of this document has been served on all counsel of record via CM/ECF on July 26, 2023.

*/s/ Darlene F. Ghavimi*
Darlene F. Ghavimi

-4-